IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WASEEM DAKER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 5:05-CV-205(WDO) |
| | : | |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

Plaintiff brought this suit against the Georgia Department of Corrections and several individual defendants alleging, among other things, that his constitutional rights were violated when prison officials confiscated religious material belonging to the Plaintiff. This matter is before the Court on a preliminary Report and Recommendation to dismiss the claims against the Georgia Department of Corrections as barred by Eleventh Amendment immunity and Miller v. King, 384 F.3d 1248 (11th Cir. 2004).

In Benning v. Georgia, a state inmate brought suit pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA) against the State of Georgia, the Department of Corrections and several state officials arguing that the defendants violated RLUIPA in failing to accommodate his religious requests. Benning v. Georgia, 391 F.3d 1299 (11th Cir. 2004). The district court dismissed the claims against the individual defendants but upheld the constitutionality of RLUIPA in denying the motion to dismiss with regard to the State of Georgia and the Department of Corrections. On appeal, one of the state's arguments was that the

1

conditions on the use of funds pursuant to RLUIPA are ambiguous and thus Congress improperly exercised its spending power.  Upholding the district court, the Eleventh Circuit Court of Appeals held that "Congress *unambiguously* required states to waive their sovereign immunity from suits filed by prisoners to enforce RLUIPA."  Id. at 1305 (emphasis added).  "Georgia was on clear notice that by accepting federal funds for its prisons, Georgia waived its immunity from suit under RLUIPA."  Id. at 1306.  See also Brunskill v. Boyd, 2005 WL 1208632, No. 04-15152 at * 4 (11th Cir. May 10, 2005) ("The RLUIPA . . . is constitutional and does apply to the states) (citing Benning)); Cutter v. Wilkinson, — U.S. —, 125 S. Ct. 2113 (U.S. May 31, 2005) (upholding RLUIPA as compatible with the Establishment Clause; finding RLUIPA covers state institutions such as mental hospitals and prisons).  Based on the foregoing case law, the Georgia Department of Corrections is subject to suit and will not be dismissed at this time based on Eleventh Amendment immunity.  The case will otherwise proceed as set forth in the Recommendation.

**SO ORDERED this 21st day of September, 2005.**

> **S/Wilbur D. Owens, Jr.**
> **WILBUR D. OWENS, JR.**
> **UNITED STATES DISTRICT JUDGE**